In this case, Damien Ford appeals from his conviction and sentence on charges of aggravated murder, aggravated robbery (both with firearm specifications), and having a weapon while under disability. In support of his appeal, Ford presents the following single assignment of error:
 I. The court violated Defendant-Appellant's rights when it sentenced him to consecutive maximum terms in prison without making the findings required by Ohio Revised Code Sections 2929.14(C), [and] 2929.19(B)(2)(c) and (e) respectively.
After considering the assignment of error, we find that it has merit. Accordingly, the judgment will be reversed and this matter will be remanded to the trial court for re-sentencing.
The charges against Ford arose from a shooting incident that occurred on August 28, 1999. According to the testimony at trial, Ford allegedly shot and killed Ivan "Youngster" Powell during a dispute over a drug deal. Two witnesses to the crime testified. Following the jury trial, Ford was convicted of all charges and was sentenced to life imprisonment on the aggravated murder, ten years on the aggravated robbery, twelve months for having weapons under disability, and three years on each firearm specification (merged to one three year term). All sentences were to run consecutive to each other. The sentences for aggravated robbery and having a weapon under disability were the maximum allowed for those charges. See R.C. 2911.01(C); R.C. 2929.14(A)(1); R.C. 2923.13(C); and R.C. 2929.14(A)(5).
During the sentencing hearing (which followed immediately after the jury verdict), the court gave no reasons for imposing the particular sentences. In fact, the court did not make any findings on the record. Instead, the court simply allowed the victim's family to speak, asked the defense for any comments, and then stated what the sentence would be. The record also does not indicate any referral for a pre-sentence investigation.
The State concedes on appeal that the trial court erred in failing to place findings in the record for imposing maximum and consecutive sentences. In this regard, R.C. 2929.14(E)(4) provides that a sentencing court may impose consecutive terms if it finds that consecutive service is "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct." Additionally, the court must find one of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19(B)(1) also requires courts, at the sentencing hearing, to consider the record, any information presented at the hearing, any pre-sentence investigation report, and any victim impact statement. Further, R.C. 2929.19(B)(2)(c) requires trial courts to make findings giving their reasons for imposing consecutive sentences.
We have taken the position that conclusory statements mimicking the statutory language do not satisfy R.C. 2929.19(B)(2) and cannot support imposition of consecutive sentences. State v. Culp (May 25, 2001), Champaign App. No. 2000-CA-17, unreported, 2001 WL 561288, at p. 4. See also, State v. Lopez (Oct. 13, 2000), Greene App. No. 99-CA-120, unreported, 2000 WL 1514080. at p. 7, citing State v. Edmonson (1999),86 Ohio St.3d 324, and State v. Arnett (2000), 88 Ohio St.3d 208. The findings in this case were not even conclusory; they were absent.
Likewise, R.C. 2929.19(B)(2)(e) requires courts to make findings giving their reasons for imposing the maximum sentence under R.C. 2929.14(C). State v. Edmonson (1999), 86 Ohio St.3d 324, 329. Again, the trial court made no findings at all. Accordingly, the single assignment of error has merit and is sustained.
In view of the above discussion, the judgment of the trial court is reversed and this case is remanded for re-sentencing.
 ___________ GLASSER, J.
WOLFF, PJ. and BROGAN, J., concur.